ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| ALEXANDRA M. CRUZ BONILLA, LUIS RODRÍGUEZ LEBRÓN, ALEXANDRA M. CRUZ BONILLA EN REPRESENTACIÓN DE LA MNOR A.I.R.C., COMO MADRE CON PATRIA POTESTAD Y CUSTODIA Y OTROS<br><br>Apelante<br><br>v.<br><br>MAYAGÜEZ ACADEMY, CORP., LEARN LANGUAGE CENTER, CORP. H/N/C MAYAGÜEZ ADADEM, JOEL HERNÁNDEZ MARTÍNEZ Y OTROS<br><br>Apelados | KLAN202400634 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Civil Núm. MZ2023CV01374<br><br>Salón 306<br><br>Sobre:<br><br>Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Pérez

**Rivera Pérez, Jueza Ponente.**

### SENTENCIA

En San Juan, Puerto Rico, a 23 de agosto de 2024

Comparece la Sra. Alexandra M. Cruz Bonilla, el Sr. Luis Rodríguez Lebrón, *et als.*, mediante un recurso de *Apelación* y nos solicitan la revisión de la *Sentencia Parcial* dictada el 30 de abril de 2024 y notificada el 3 de mayo de 2024 por el Tribunal de Primera Instancia, Sala Superior de Mayagüez. Mediante este dictamen, el TPI declaró Ha Lugar las respectivas mociones de desestimación presentadas por los codemandados Sra. Julymar Ríos Bonilla, Sr. Carlos Cordero, M.A.C.R., Sr. Favio A. Vázquez Sepúlveda, Sr. Luis J. Rodríguez González y Sr. Elvin M. Vélez Pérez. En consecuencia,

se desestimó la causa de acción de daños y perjuicios del presente caso en cuanto a estas partes.

Por los fundamentos que expondremos, se desestima el presente recurso de apelación.

**I**

El 8 de agosto de 2023, la Sra. Alexandra M. Cruz Bonilla (en adelante, Sra. Cruz Bonilla) y el Sr. Luis Rodríguez Lebrón (en adelante, Sr. Rodríguez Lebrón), por sí y en representación de la Comunidad de Bienes compuesta por ambos y de sus hijos menores A.I.R.C. y A.E.R.C., presentaron una *Demanda* sobre daños y perjuicios en contra de la Sra. Julymar Ríos Bonilla (en adelante, Sra. Ríos Bonilla) y el Sr. Carlos Cordero Ayala (en adelante, Sr. Cordero Ayala), por sí y en representación de la Sociedad de Bienes Gananciales compuesta por ambos y de su hijo menor de edad M.A.C.R.; Mayagüez Academy, Corp.; Learn Language Center, Corp.; el Sr. Joel Hernandez Martínez, su esposa y su Sociedad de Bienes Gananciales; la Sra. Jiselle Planadeball Luciano, su esposo y su Sociedad de Bienes Gananciales, *et als*.[1] En síntesis, en la demanda se solicitó una indemnización por los daños y perjuicios sufridos por la menor A.I.R.C. y sus padres como consecuencia de los alegados actos de acoso escolar o *"bullying"* cometidos por el menor M.A.C.R., así como por la inacción en la supervisión e implementación de medidas disciplinarias de sus padres los codemandados Sra. Ríos Bonilla y Sr. Cordero Ayala y del personal de la institución educativa codemandada Mayagüez Academy, Corp.

Luego de varios trámites procesales, los codemandados Sr. Favio A. Vázquez Sepúlveda, Sr. Luis J. Rodríguez González y Sr. Elvin M. Vélez Pérez presentaron una moción de desestimación,[2] a

---

[1] Véase, Apéndice de la *Apelación*, a las págs. 1-23.
[2] Véase, Apéndice de la *Apelación*, a las págs. 36-41.

la cual se opusieron la Sra. Cruz Bonilla y el Sr. Rodríguez Lebrón.[3] En síntesis, los codemandados solicitaron la desestimación de la causa de acción en cuanto a su carácter personal bajo la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2. Al respecto, alegaron lo siguiente:

> "4. En el presente caso los codemandados Favio Alejandro Vázquez Sepúlveda, Luis Jaime Rodríguez González y Elvin Manuel Vélez Pérez han sido traídos al pleito por el mero hecho de ser esposos de las codemandadas Raquel Crespo Rosario, Emily Castillo Justiniano y Miriam Quiñones Torres respectivamente y por estos estar bajo el régimen de Sociedad de Bienes Gananciales, concepto reconocido por nuestro ordenamiento. Los mismos no trabajan ni trabajaron al momento de los alegados hechos con MAYAG[Ü]EZ ACADEMY, CORP., ni con ninguno de los codemandantes, codemandados, ni son señalados como cocausantes de ningún daño específico en inciso alguno de la demanda."

Por su parte, el 8 de febrero de 2024, la codemandada Sra. Ríos Bonilla presentó su respectiva moción de desestimación,[4] a la cual posteriormente se unió el Sr. Cordero Ayala.[5] En síntesis, la Sra. Ríos Bonilla solicitó la desestimación de la demanda en cuanto a su hijo menor M.A.C.R. y ella bajo la Regla 10.2 de Procedimiento Civil, *supra*, alegando que la misma dejaba de exponer una reclamación que justificara la concesión de un remedio por no existir un nexo causal entre los alegados actos culposos o negligentes que se les imputan y los daños sufridos. En respuesta a esta solicitud de desestimación, la Sra. Cruz Bonilla y el Sr. Rodríguez Lebrón presentaron una *Moción en Oposición a Desestimación y a Contestación a Demanda* el 3 de abril de 2024.[6]

Finalmente, el 30 de abril de 2024, notificada el 3 de mayo de 2024, el TPI dictó la *Sentencia Parcial* aquí apelada,[7] mediante la

---

[3] Véase, Apéndice de la *Apelación*, a las págs. 42-45.
[4] Véase, Apéndice de la *Apelación*, a las págs. 57-64.
[5] Véase, Apéndice de la *Apelación*, a las págs. 91-95.
[6] Véase, Apéndice de la *Apelación*, a las págs. 102-104.
[7] Véase, Apéndice de la *Apelación*, a las págs. 113-126.

cual declaró Ha Lugar las respectivas mociones de desestimación presentadas por los codemandados Sra. Julymar Ríos Bonilla, Sr. Carlos Cordero, M.A.C.R., Sr. Favio A. Vázquez Sepúlveda, Sr. Luis J. Rodríguez González y Sr. Elvin M. Vélez Pérez. En consecuencia, se desestimó la demanda del presente caso en cuanto a estas partes.

En su dictamen, el TPI concluyó y resolvió lo siguiente:

"[…]
En el presente caso, el niño al que se le imputa haber incurrido en conducta denominada como bullying tenía tres años de edad al momento de la conducta. Concluimos que el niño es incapaz de medir las consecuencias de sus acciones y/o actuar con intención lo cual es el requisito esencial del Bullying tal como aparece en su definición.

Aun dando por ciertos todos lo[s] hechos bien alegados de la demanda no podemos concluir que [en] el presente caso exista una causa de acción que justifique la concesión de un remedio en cuanto al menor M.A.C.R., su madre o su padre. Como cuestión de realidad, nuestro ordenamiento jurídico no sustenta la causa de acción incoada. Por otra parte, el menor M.A.C.R. no puede ser el causante de los alegados daños sufridos por los demandados toda vez que sus acciones no pueden ser caracterizadas como intencionales e imponerle responsabilidad por las mismas no va acorde con su edad, madurez, capacidad e inteligencia a sus 3 años.

[…]

Aun dando por ciertas las alegaciones de la demanda, no podemos llegar a la conclusión de que un niño de 3 años actuara mediando intención malévola de causar daños y sin haber mediado negligencia. Los hechos alegados en la demanda, y que para efectos de esta moción se tienen que dar por ciertos, se tratan de actuaciones ordinarias y corrientes entre niños de 3 y 4 años, que no envuelve peligrosidad de por sí. En adición, estamos convencidos de que por más activa y eficaz que hubiese sido la vigilancia de los padres y por más adecuada que fuese la educación en el hogar, ello no puede evitar conducta ordinaria y corriente entre niños de 3 y 4 años. A un padre solo se le debe imponer la necesidad de ejercitar control para evitar aquella conducta de sus hijos que envuelva riesgos anticipables o que conlleve peligrosidad.

Al estar frente a una moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, debemos dar por ciertos todos los hechos bien alegados en la demanda. Una vez dando dichas alegaciones por ciertas, evaluamos si la demanda pudiera conllevar la concesión de un remedio en su día.

> Al realizar dicho análisis concluimos que procede la desestimación parcial de la presente demanda en contra de JULYMAR RIOS BONILLA en su carácter personal, en su carácter de madre y en representación de su hijo menor M.A.C.R. y CARLOS CORDERO, en su carácter de padre y en representación de su hijo menor M.A.C.R., toda vez que la reclamación expone alegaciones que no justifican la concesión de un remedio, en cuanto a dichas partes.
>
> En adición, en torno a los demandados Favio Alejandro Vázquez Sepúlveda, Luis Jaime Rodríguez González y Elvin Manuel Vélez Pérez, no se ha realizado alegación alguna sobre conducta dirigida a causar daños a los demandantes. Estos han sido traídos al pleito por ser esposos y representantes de la sociedad de bienes gananciales que componen con las demandadas, Raquel Crespo Rosario, Emily Castillo Justiniano y Miriam Quiñones Torres, respectivamente. Los mismos no trabajan ni trabajaron, al momento de los alegados hechos, con Mayagüez Academy Corp., ni con ninguno de los codemandantes, codemandados, ni son señalados como causantes de ningún daño específico en inciso alguno de la demanda."

El 20 de mayo de 2024, la Sra. Cruz Bonilla presentó una *Moción en Solicitud de Reconsideración*,[8] la cual fue declarada No Ha Lugar por el TPI mediante la *Resolución* emitida y notificada el 30 de mayo de 2024.[9]

En desacuerdo con la determinación del TPI, la parte apelante acudió ante nos el 2 de julio de 2024 mediante el presente recurso de *Apelación*.[10] En este, señala la comisión por el TPI de los errores siguientes:

> ERRÓ EL HONORABLE TRIBUNAL AL HACER DETERMINACIONES DE HECHOS SIN HABER CULMINADO EL DESCUBRIMIENTO DE PRUEBA Y EN MENOSCABO DEL DEBIDO PROCESO DE LEY EN UN CASO QUE ES DE CARACTER PROBATORIO Y DE MATERIA PERICIAL.
>
> ERRÓ EL TPI AL DICTAR SENTENCIA PARCIAL DESESTIMANDO A FAVOR DE LOS APELADOS JULYMAR RIOS Y CARLOS CORDERO,

---

[8] Véase, Apéndice de la *Apelación*, a las págs. 136-138.

[9] Véase, Apéndice de la *Apelación*, a las págs. 142-143.

[10] El 30 de mayo de 2024, se archivó en autos de copia de la notificación de la *Resolución* resolviendo la moción de reconsideración, por lo que el término de treinta (30) días para presentar el recurso de apelación vencía el sábado 29 de junio de 2024. La parte apelante presentó oportunamente su recurso de apelación ante el TPI el lunes 1 de julio de 2024, según el matasello de la Secretaría de dicho tribunal y al día siguiente lo presentó ante este Tribunal de Apelaciones. Véase, Regla 14 (A) y (C) del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 70(C).

FUNDAMENTADA EN QUE LOS APELANTES DEJARON DE EXPONER HECHOS QUE JUSTIFIQUEN LA CONCESION DE UN REMEDIO, CUANDO DE LOS HECHOS ALEGADOS EN LA DEMANDA SURGE DE SU FAZ VARIAS RECLAMACIONES QUE SON PLAUSIBLES Y QUE COMO TAL, JUSTIFICAN QUE LOS APELANTES TENGAN DERECHO A TODO O PARTE DEL REMEDIO SOLICITADO.

ERR[Ó] EL TPI AL DESESTIMAR PARCIALMENTE LA DEMANDA BAJO EL FUNDAMENTO DE QUE LAS ACCIONES DEL MENOR M.A.C.R. APELADO NO PUEDEN SER CARACTERIZADAS COMO INTENCIONALES, CUANDO EL TPI NO ES PERITO NI PUEDE CONVERTIRSE EN ABOGADO DE PARTE; AL ASI HACERLO ABUSO DE SU DISCRESION Y SU DECISION VA EN DETRIMIENTO DEL DEBER INHERENTE DEL ESTADO DE VELAR POR EL MEJOR BIENESTAR DE LA MENOR APELANTE, QUIEN ACUDE AL TRIBUNAL EN SOLICITUD DE REMEDIO, COHARTANDO EL DERECHO AL DEBIDO PROCESO DE LEY, Y EN SU CONSECUENCIA, A TENER SU DIA EN CORTE.

ERRÓ EL TPI AL DICTAR SENTENCIA PARCIAL DESESTIMANDO A FAVOR DE LOS APELADOS FAVIO ALEJANDRO VAZQUEZ SEPULVEDA, LUIS JAIME RODRIGUEZ GONZALEZ Y ELVIN MANUEL VELEZ PEREZ, FUNDAMENTADA EN QUE LOS APELANTES DEJARON DE EXPONER HECHOS QUE JUSTIFIQUEN LA CONCESION DE UN REMEDIO, CUANDO DE LOS HECHOS ALEGADOS EN LA DEMANDA SURGE DE SU FAZ VARIAS RECLAMACIONES QUE SON PLAUSIBLES Y QUE COMO TAL, JUSTIFICAN QUE LOS APELANTES TENGAN DERECHO A TODO O PARTE DEL REMEDIO SOLICITADO DEL CUAL RESPONDEN LOS APELADOS COMO MIEMBROS DE LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR ESTOS Y SUS ESPOSAS, MAESTRAS Y/O EMPLEADAS DEL PLANTEL ESCOLAR Y APELADAS.

El 29 de julio de 2024, el Sr. Cordero Ayala presentó *Solicitud de Desestimación por Falta de Jurisdicción & Perfeccionamiento del Recurso*, en la que alega que la moción de reconsideración presentada por la parte apelante ante el TPI no cumplió con el criterio de especificidad exigido en la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47, por lo que no tuvo el efecto de interrumpir el término establecido para la presentación de un recurso de apelación. El Sr. Cordero Ayala sostiene que en la referida moción la parte apelante se limitó a reafirmar las alegaciones expuestas en la demanda. Además, este alega que la parte apelante

certificó que había notificado el recurso a las demás partes el 1 de julio de 2024, pero en realidad lo notificó el 2 de julio de 2024, por lo que este no se perfeccionó dentro del término legal correspondiente.

El 31 de julio de 2024, Mayagüez Academy, Corp., *et als.*, presentaron *Moción en Solicitud de Desestimación por Falta de Jurisdicción y por No Haber Perfeccionado el Recurso*, en la que también alegaron que la moción de reconsideración presentada por la parte apelante ante el TPI no tuvo el efecto de interrumpir el término establecido para la presentación de un recurso de apelación. Según su contención, no habiéndose interrumpido el referido término, la parte apelante tenía hasta el 3 de junio de 2024 para presentar su recurso y no fue hasta el 1 de julio de 2024 que lo presentó de forma tardía. Además, estas partes alegaron también que la parte apelante notificó el recurso a las demás partes el 2 de julio de 2024 a pesar de haber certificado que las había notificado el 1 de julio de 2024 y no presentó una moción suplementaria certificando el cambio en cuanto a la certificación original.

En esa misma fecha, el Sr. Favio A. Vázquez Sepúlveda, Sr. Luis J. Rodríguez González y Sr. Elvin M. Vélez Pérez presentaron *Moción en Solicitud de Desestimación por Falta de Jurisdicción sin Someternos a la Jurisdicción del Honorable Tribunal*, en la que alegaron que la parte apelante no notificó el recurso al Lcdo. Cruz Martínez, abogado que los representa.

El 19 de agosto de 2024, la parte apelante presentó *Moción en Cumplimiento de Orden*, mediante la cual se opuso a las solicitudes de desestimación presentadas por los apelados alegando, entre otras cosas, que el Sr. Favio A. Vázquez Sepúlveda, Sr. Luis J. Rodríguez González y Sr. Elvin M. Vélez Pérez fueron notificados al haberse

notificado al abogado que representa a sus respectivas esposas y sociedades de gananciales.

Así, contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

**A.**

La jurisdicción se refiere al poder o autoridad de un tribunal para considerar y decidir casos, por lo que su ausencia priva a un foro judicial del poder necesario para adjudicar una controversia. *Metro Senior v. AFV*, 209 DPR 203, 208 (2022); *Allied Mgmt. Group, v. Oriental Bank,* 204 DPR 374, 385-386 (2020). En múltiples y variadas ocasiones, el Tribunal Supremo ha expresado que los tribunales debemos ser celosos guardianes de esa jurisdicción que nos ha sido concedida, examinando tal aspecto en primer orden, incluso cuando no haya sido planteado por ninguna de las partes. *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228, 234 (2014). Además, se ha señalado que los tribunales no tienen discreción para asumir jurisdicción donde no la hay. *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652 (2014); *S.L.G. Solá-Morreno v. Bengoa Becerra,* 182 DPR 675, 682 (2011); *González v. Mayagüez Resort & Casino,* 176 DPR 848, 856 (2009).

Un recurso tardío es aquel que se presenta pasado el término provisto para recurrir. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015). Por otra parte, un recurso prematuro es aquel que se presenta con relación a una determinación que está pendiente ante la consideración del tribunal apelado, es decir, que aún no ha sido finalmente resuelta. *Íd.* Un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. *Íd.* No obstante, existe una importante diferencia en las consecuencias que acarrea cada una de estas desestimaciones. *Íd.* La desestimación de un recurso por ser

tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro. *Íd.*

Ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 909 (2012). Por ser las cuestiones de jurisdicción privilegiadas, estas deben ser resueltas con preferencia y de carecer un tribunal de jurisdicción, lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 222 (2007); *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 355 (2003).

La Regla 83(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), autoriza al Tribunal de Apelaciones a desestimar un recurso, a iniciativa propia o solicitud de parte, cuando carezca de jurisdicción para atenderlo.

**B.**

En términos generales, una moción de reconsideración permite que la parte afectada por un dictamen judicial pueda solicitar al tribunal que considere nuevamente su decisión, antes de recurrir en alzada a un tribunal de mayor jerarquía. *Div. de Empleados Públicos UGT v. CEMPR*, 212 DPR 742 (2023); *Simons y otros v. Leaf Petroleum Corp.*, 209 DPR 216 (2022); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 731 (2016); *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 24 (2011); *Castro v. Sergio Estrada Auto Sales, Inc.*, 149 DPR 213, 217 (1999). Al respecto, la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47, dispone lo siguiente:

> "La parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá, dentro del término de cumplimiento estricto de quince (15) días desde la fecha de la notificación de la orden o resolución, presentar una moción de reconsideración de

la orden o resolución.

La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, presentar una moción de reconsideración de la sentencia.

La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que la parte promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.
La moción de reconsideración que no cumpla con las especificidades de esta regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir.

Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.
La moción de reconsideración se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal de manera simultánea. El término para notificar será de cumplimiento estricto."

De conformidad con la Regla 47 de Procedimiento Civil, *supra*, una vez se presenta al Tribunal de Primera Instancia y notifica a todas las partes una moción de reconsideración de manera oportuna y fundamentada, se interrumpe el término para recurrir en alzada. Ese término comenzará a contarse de nuevo desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración. Regla 52.2(e)(2) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2(e)(2). Véase, además, *Plan Salud Unión v. Seaboard Sur. Co.*, 182 DPR 714, 719 (2011); *Insular Highway v. A.I.I. Co.*, 174 DPR 793, 805 (2008); *Lagares v. E.L.A.*, 144 DPR 601, 613 (1997).

Ese término quedará automáticamente interrumpido al presentarse la moción de reconsideración, siempre que se cumpla con los requisitos de forma expuestos en la Regla 47 de

Procedimiento Civil, *supra.*

## C.

En cuanto a la notificación del recurso de apelación a las partes, la Regla 13 (B) (1) del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 13 (B) (1), dispone que "[l]a parte apelante notificará el recurso apelativo y los Apéndices dentro del término dispuesto para la presentación del recurso, siendo éste un término de estricto cumplimiento." Además, dispone que "[l]a parte apelante deberá certificar con su firma en el recurso, por sí o por conducto de su representación legal, la fecha en que se efectuó la notificación." Finalmente, la regla añade que "[e]sta norma es aplicable a todos los recursos."

En cuanto a la forma de efectuar la notificación, la Regla 13 (B) (2) y (3) del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 13 (B) (2) y (3), dispone lo siguiente:

> "La parte apelante notificará el recurso de apelación debidamente sellado con la fecha y hora de su presentación mediante correo certificado o servicio de entrega por empresa privada con acuse de recibo. Podrá, además, utilizar los siguientes métodos sujeto a lo dispuesto en estas reglas: correo ordinario, entrega personal, telefax o correo electrónico, siempre que el documento notificado sea copia fiel y exacta del documento original.
>
> La notificación por correo se remitirá a los abogados o abogadas de las partes, o a las partes cuando no estuvieren representadas por abogado o abogada, a la dirección postal que surja del último escrito que conste en el expediente del caso. Cuando del expediente no surja una dirección y la parte estuviere representada por abogado o abogada, la notificación se hará a la dirección que de éste o ésta surja del registro que a esos efectos lleve el Secretario o Secretaria del Tribunal Supremo.
>
> [...]
>
> La notificación mediante correo electrónico deberá hacerse a la dirección electrónica correspondiente de los abogados o abogadas que representen a las partes o al de las partes, de no estar representadas por abogado o abogada, cuando las partes a ser notificadas hubieren provisto al tribunal una dirección electrónica y así surja

de los autos del caso ante el Tribunal de Primera Instancia.

[...]

Se considerará que la fecha de la notificación a las partes es la que conste en el certificado postal como la fecha de su depósito en el correo.

Si la notificación se efectúa por correo ordinario, la fecha del depósito en el correo se considerará como la fecha de la notificación a las partes.

Se considerará que la fecha de la notificación a las partes es la que conste del documento expedido por la empresa privada que demuestre la fecha en que ésta recibió el documento para ser entregado a su destinatario.

Cuando la notificación se efectúa por correo ordinario, entrega personal, telefax o correo electrónico, será válida si no hubiere controversia sobre la fecha de la notificación ni sobre el hecho de haber sido recibida por su destinatario. Se entenderá que las partes que incluyan la información del número de telefax o la dirección electrónica en los autos del caso ante el Tribunal de Primera Instancia consienten a ser notificados por estos medios.

Cualquier parte o su abogado o abogada podrá darse por notificada haciéndolo así constar al tribunal."

Conforme a lo anterior, para el perfeccionamiento adecuado de un recurso presentado ante el Tribunal de Apelaciones es necesario la oportuna presentación y la notificación del escrito a las partes apeladas. Regla 13 del Reglamento del Tribunal de Apelaciones, *supra.* Véase, *González Pagán et al. v. SLG Moret-Brunet,* 202 DPR 1062 (2019); *Montañez Leduc v. Robinson Santana,* 198 DPR 543 (2017); *Pérez Soto v. Cantera Pérez, Inc.,* 188 DPR 98, 105 (2013). La falta de oportuna notificación a todas las partes en el litigio priva de jurisdicción al Tribunal para ejercer su facultad revisora, por lo que conlleva la desestimación del recurso de apelación. *Montañez Leduc v. Robinson Santana,* supra, págs. 549-553; *Pérez Soto v. Cantera Pérez,* supra, pág. 105; *Soto Pino v. Uno Radio Group,* 189 DPR 84, 91 (2013).

Los términos de cumplimiento estricto pueden prorrogarse siempre y cuando exista una justa causa. *Rivera Marcucci, et al. v. Suiza Dairy*, 196 DPR 157, 170 (2016); *Soto Pino v. Uno Radio Group*, supra; *Cruz Parrilla v. Depto. Vivienda*, 184 DPR 393, 403 (2012). Por ello, no constituye un defecto fatal la notificación tardía, si se puede demonstrar la existencia de justa causa. *Rivera Marcucci, et al. v. Suiza Dairy*, supra, pág. 170; *Soto Pino v. Uno Radio Group*, supra, pág. 93.

Los tribunales tienen discreción para extender un término de cumplimiento estricto sólo cuando la parte que lo solicita demuestra justa causa para la tardanza. *Rivera Marcucci, et al. v. Suiza Dairy*, supra, pág. 170. Al ser así, se le requiere a quien solicita la prórroga o a quien actúe fuera del término que presente justa causa por la cual no puede o pudo cumplir con el término establecido. *Íd.* De conformidad con esto el Tribunal Supremo ha reafirmado que los tribunales podrán eximir a una parte de observar el cumplimiento con un término de este tipo únicamente si concurren las siguientes condiciones: (1) que en efecto exista justa causa para la dilación; y (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación, es decir, que acredite de manera adecuada la justa causa aludida. *Rivera Marcucci, et al. v. Suiza Dairy*, supra, pág. 171; *Soto Pino v. Uno Radio Group*, supra, pág. 93.

Las partes litigantes deben atender estos requerimientos con seriedad, ya que "[n]o se permitirá desviación alguna del plazo [...] so pena de desestimación del recurso, a menos que la tardanza ocurrida se justifique detalladamente y a cabalidad". (cita omitida) *Rivera Marcucci, et al. v. Suiza Dairy*, supra, pág. 171. De hecho, en *Soto Pino v. Uno Radio Group*, supra, pág. 97, se señaló que "es un deber acreditar la existencia de justa causa, *incluso antes de que*

*un tribunal se lo requiera,* si no se observa un término de cumplimiento estricto".

La justa causa se acredita mediante explicaciones "concretas y particulares, debidamente evidenciadas en el escrito, que les permitan a los tribunales concluir que hubo una excusa razonable para la tardanza o la demora". *Rivera Marcucci, et al. v. Suiza Dairy,* supra, pág. 172, citando a *Soto Pino v. Uno Radio Group,* supra, pág. 93. No constituyen justa causa las "vaguedades y las excusas o planteamientos estereotipados". *Íd.* Es evidente que la existencia de justa causa es un elemento que ha de evaluarse caso a caso. Al justipreciar las razones ponderadas, por una parte, el juzgador debe llevar a cabo un análisis cuidadoso de las explicaciones que demuestren el incumplimiento y de la evidencia que lo sustenta. *Rivera Marcucci, et al. v. Suiza Dairy,* supra, pág. 172.

### III

Evaluadas las solicitudes de desestimación presentadas por las partes apeladas, así como la oposición presentada por la parte apelante, determinamos que, en efecto, procede la desestimación del presente recurso de *Apelación* por falta de jurisdicción por no haberse notificado el escrito a todas las partes apeladas.

Según expusimos, la Regla 13 (B) (1) del Reglamento del Tribunal de Apelaciones, *supra,* dispone que "[l]a parte apelante notificará el recurso apelativo y los [a]péndices dentro del término dispuesto para la presentación del recurso, siendo [e]ste un término de estricto cumplimiento." Además, dicha Regla dispone que "[l]a parte apelante deberá certificar con su firma en el recurso, por sí o por conducto de su representación legal, la fecha en que se efectuó la notificación."

De un examen del recurso de *Apelación* presentado por la parte apelante, no surge que se haya notificado dicho recurso al

Lcdo. Cruz Martínez, representante legal de los apelados Sr. Favio A. Vázquez Sepúlveda, Sr. Luis J. Rodríguez González y Sr. Elvin M. Vélez Pérez. Tampoco se ha demostrado la existencia de justa causa para la falta de notificación. La parte apelante debió cumplir con la notificación del recurso a todas las partes, incluyendo al Lcdo. Cruz Martínez. Consideramos que notificar al abogado que representa a la Sociedad Legal de Gananciales de los apelados que no fueron notificados no es suficiente para cumplir con el requisito de notificación cuando estos han comparecido representados en su carácter personal por un abogado diferente.

Por consiguiente, a juicio nuestro el presente recurso de apelación no se perfeccionó adecuadamente, por lo que determinamos que procede su desestimación por falta de jurisdicción.

**IV**

Por los fundamentos anteriormente expuestos, al amparo de la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra*, se desestima el presente recurso de apelación.

Notifíquese.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones